IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHERYL PITTMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil No.: 4:19-cv-397-RWS-KPJ |
| U.S. BANK NA, SUCCESSOR TRUSTEE | § | |
| TO BANK OF AMERICA, NA, | § | |
| SUCCESSOR IN INTEREST TO | § | |
| LASALLE BANK NA, ON BEHALF OF | § | |
| THE REGISTERED HOLDERS OF BEAR | § | |
| STEARNS ASSET BACKED SECURITIES | § | |
| I TRUST 2006-HE5, ASSET BACKED | § | |
| CERTIFICATES, SERIES 2006-HE5; ANDREW | § | |
| CECERE; SELECT PORTFOLIO | § | |
| SERVICING, INC.; TIMOTHY O'BRIEN; and | § | |
| JACK O'BOYLE AND ASSOCIATES; | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is U.S. Bank NA, Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank NA, on Behalf of the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2006-HE5, Asset-Backed Certificates, Series 2006-HE5 ("Trustee Bank") and Select Portfolio Servicing, Inc. ("SPS") (together "Defendants") Motion to Strike Testimony of Plaintiff Cheryl Pittman's ("Plaintiff" or "Pittman") Expert Disclosures (the "Motion") (Dkt. 33). Plaintiff filed a response (Dkt. 43) which included an affidavit from Pittman (the "Affidavit") (Dkt. 43-1) and Defendants filed a reply (Dkt. 46). As set forth below, the Court finds the Motion to Strike Pittman (Dkt. 33) is **GRANTED IN PART and DENIED IN PART**.

1

## I. BACKGROUND

This action arises out of the foreclosure of the property located at 321 Hawks Wood Drive, Fairview, Texas 75069 (the "Property"). *See* Dkt. 33 at 2. Plaintiff designated herself, Cheryl Pittman, to testify as an expert regarding the market value of the Property. *See* Dkt. 33-1 at 2. Defendants move to strike the designation of Pittman as an expert, as well as any lay testimony by Pittman regarding the value of the Property. *See* Dkt. 33.

## II. LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. While the district court must act as a gatekeeper to exclude all unreliable expert testimony, "the rejection of expert testimony is the exception rather than the rule." FED. R. EVID. 702 advisory committee's notes (2000) (citing *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, (1999)).

Expert testimony is admissible only if the proponent demonstrates that: (1) the expert is qualified; (2) the evidence is relevant to the case; and (3) the evidence is reliable. *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988-89 (5th Cir. 1997). To be reliable and therefore admissible under Rule 702, expert testimony as to a scientific, technical, or other specialized area must: (1) assist the trier of fact to understand the evidence or to determine a fact in issue; (2) be based upon sufficient facts or data; (3) be the product of reliable principles and methods; and (4) have reliably applied the principles and methods to the facts. FED. R. EVID. 702. In evaluating the scientific validity or reliability of expert testimony, the Court identified some non-exclusive factors for the district court's consideration: (1) whether the theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the method used; (4) the existence and maintenance of standards and controls in

the methodology; and (5) whether the theory or method has been generally accepted by the scientific community. *Daubert*, 509 U.S. at 593-94. "But, as the Court stated in Daubert, the test of reliability is 'flexible,' and the Daubert factors neither necessarily nor exclusively apply to all experts or in every case. Rather, the law grants a district court the same broad latitude when it decides how to determine reliability as it enjoys in respect to its ultimate reliability determination." *Kumho Tire*, 526 U.S. at 151.

Rule 701 of the Federal Rules of Evidence governs the admissibility of lay testimony. FED. R. EVID. 701. Under Rule 701, "[a] lay opinion must be based on personal perception, must be one that a normal person would form from those perceptions, and must be helpful to the [fact finder]." *United States v. Riddle*, 103 F.3d 423, 428 (5th Cir. 1997). Specifically, "the witness must have personalized knowledge of the facts underlying the opinion and the opinion must have a rational connection to those facts." *Miss. Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 373 (5th Cir. 2002). Further, under Texas's "Property Owner Rule," a property owner may be qualified to testify to the value of her property even when she is not qualified to testify as an expert. *Reid Road Mun. Util. Dist. No. 2 v. Speedy Stop Food Stores, Ltd.,* 337 S.W.3d 846, 852-53 (Tex. 2011); *see also United States v. 329.73 Acres of Land*, 666 F.2d 281, 284 (5th Cir. 1982) (opinion testimony of a landowner is admissible without further qualification as to the value of his own land).

### III.  ANALYSIS

Defendants argue Pittman should be struck as an expert because she has failed to meet her burden under Rule 702 of proving that she is qualified as an expert regarding the Property's fair market value. *See* Dkt. 33 at 2. Further, Defendants contend that Pittman has failed to present a

rational basis of her perception of the fair market value of the Property under Rule 701. *See id.* at 4.

Plaintiff argues that the owner of real estate is automatically designated as an expert to testify regarding the fair market value of real estate she owns under Rule 702. *See* Dkt. 43 at 2. In the alternative, Plaintiff contends that if Pittman's opinion is found not to be based on scientific, technical, or specialized knowledge, Pittman is qualified to offer testimony pursuant to Rule 701, as the Property owner. *See* Dkt. 43 at 4–5.

Plaintiff does not attempt to explain how Pittman is qualified to testify as an expert by knowledge, skill, experience, training, or education as required by Rule 702. While Plaintiff is correct that Pittman, as owner of the Property, may testify regarding the market value of the Property, *see, e.g., Waterbury v. Wells Fargo Bank, N.A.*, No. 3:12-CV-04072-K, 2013 WL 12124033, at *1 (N.D. Tex. Aug. 20, 2013), Pittman must meet the requirements of Rule 702, to testify as an expert. *See id*. The "Property Owner Rule" does not operate as an exception to qualifying a witness as an expert under Rule 702, but rather, it falls under Rule 701, which permits a lay witness to provide opinion testimony. *See Natural Gas Pipeline Co. of America v. Justiss*, 397 S.W.3d 150, 157-58 (Tex. 2012). Therefore, the Court finds that Pittman may not testify as an expert based on the record before it. *See, e.g.,* Order on Motion to Strike, *Robert Singha et. al. v. BAC Home Loans Servicing, LP, et. al.*, No. 4:10-cv-692 (E.D. Tex. July 13, 2012) (slip op.) (Mazzant, Mag. J.) [Dkt. 63] (finding homeowner could testify as fact witness by not as an as expert witness); *see also, Sosa v. CitiMortgage, Inc.*, No. 3:10–CV–2073–K, 2011 WL 10915874, at *1 (N.D. Tex. Aug. 15, 2011) (striking expert designation of property owners); *Stinson Air*

*Center, LLC v. XL Specialty Ins. Co.*, No. SA-03-CA-61-FB, 2005 WL 5979097, at *3 (W.D. Tex. July 8, 2005) (same).

Even though Pittman does not qualify to testify as an expert, she may testify as a fact witness as to matters within her personal knowledge. *See Waterbury*, 2013 WL 12124033, at *1. The expert designation is not required for Pittman to testify regarding matters which are (1) rationally based on her perception, (2) useful to giving a clearer understanding of her testimony or to determining a fact question, and (3) not based on scientific, technical, or other specialized knowledge as set forth in Rule 702. *See* FED. R. EVID. 701.

Though Defendants' Motion is styled as a Motion to Strike Plaintiff's Expert Disclosure, Defendants also argue that Pittman should be precluded from offering any opinion testimony as to the fair market value of the Property. *See* Dkt. 33 at 5. Defendants contend Pittman has not presented a sufficient showing that her opinions, set forth in the Affidavit, are based on her own perception; rather, Pittman has relied on the opinion of a professional appraiser. *See* Dkt. 46 at 5.

The Court finds that Pittman should not generally be precluded from providing opinion testimony as to the fair market value of the Property providing that such testimony is based on Pittman's personal knowledge and otherwise complies with Rule 701. *See, e.g., Fass v. Deutsche Bank Nat'l Trust Co.*, No. 1:18-CV-144-RP, 2019 WL 2744207, at *6 (W.D. Tex. Apr. 16, 2019) (striking a portion of property owner's affidavits to the extent that were based on a professional appraisal but considering the portions based on the owner's personal knowledge). However, for the reasons articulated by Defendants, the Court strikes the portion of the Affidavit (Dkt. 43-1 at ¶ 12) in which Pittman asserts that the fair market value of the Property is $640,000.00, based only on the conclusion of a professional appraisal report.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike Pittman (Dkt. 33) is hereby **GRANTED IN PART and DENIED IN PART**.

Pittman's designation as an expert witness under Rule 702 (*see* Dkt. 33-1) is stricken.

Pittman may be permitted to testify as a fact witness and provide lay opinion testimony regarding the value of the Property within the confines of Rule 701, but the noncomplying portion of the Affidavit (Dkt. 43-1 at ¶ 12) is stricken.

**So ORDERED and SIGNED this 1st day of April, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE