# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **CHERYL PITTMAN,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil No.: 4:19-cv-397-RWS-KPJ |
| **U.S. BANK NA, SUCCESSOR TRUSTEE** § | |
| **TO BANK OF AMERICA, NA,** § | |
| **SUCCESSOR IN INTEREST TO** § | |
| **LASALLE BANK NA, ON BEHALF OF** § | |
| **THE REGISTERED HOLDERS OF BEAR** § | |
| **STEARNS ASSET BACKED SECURITIES** § | |
| **I TRUST 2006-HE5, ASSET BACKED** § | |
| **CERTIFICATES, SERIES 2006-HE5; ANDREW** § | |
| **CECERE; SELECT PORTFOLIO** § | |
| **SERVICING, INC.; TIMOTHY O'BRIEN; and** § | |
| **JACK O'BOYLE AND ASSOCIATES;** § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Cheryl Pittman's ("Plaintiff" or "Pittman") Motion to File Supplement to Amended Complaint (the "Motion") (Dkt. 39).[1] U.S. Bank NA, Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank NA, on Behalf of the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2006-HE5, Asset-Backed Certificates, Series 2006-HE5 ("Trustee Bank") and Select Portfolio Servicing, Inc. ("SPS") (together "Defendants") filed a response in opposition (Dkt. 49), and Plaintiff filed a reply (Dkt. 53). As set forth below, the Court finds the Motion (Dkt. 39) is denied.

---

[1] Although Plaintiff styled the Motion as a supplemental motion, it appears to functionally request both a supplement and an amendment. The Court has, for the sake of thoroughness, considered the Motion under standards applicable to supplements and amendments.

1

## I. BACKGROUND

This action arises out of the foreclosure of the property located at 321 Hawks Wood Drive, Fairview, Texas 75069 (the "Property"). *See* Dkt. 33 at 2. Subsequent to a foreclosure sale of the Property, Plaintiff filed suit against Defendants on May 21, 2019, asserting non-judicial wrongful foreclosure. *See* Dkt. 3. The Court, after reviewing the case management report required by Federal Rule of Civil Procedure 26(f) (Dkt. 18) and conferring with the parties at the scheduling conference on August 28, 2019, entered a case-specific scheduling order (the "Scheduling Order") (Dkt. 22). The scheduling order established a deadline of September 13, 2019, for Plaintiff to file initial amended pleadings without prejudice to further amendment. *See* Dkt. 22 at 2. The deadline for Plaintiff to file subsequent amended pleadings was set as November 15, 2019. *See id*. The deadline for Defendants to file final amended pleadings was set as December 4, 2019. *See id*. The deadline by which to file dispositive motions was set as December 20, 2020. *See id*.

Plaintiff filed an Amended Complaint on September 13, 2019. *See* Dkt. 23. Defendants filed an Answer to Plaintiff's Amended Complaint on September 27, 2019. *See* Dkt. 26. On the dispositive motion deadline, December 20, 2020, Defendants filed a Motion for Summary Judgment (Dkt. 37). Six days later, and more than a month after Plaintiff's deadline to file amended pleadings, Plaintiff filed a Motion for Leave to File Supplement to First Amended Petition (Dkt. 39).

## II. LEGAL STANDARD

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013). Rule 15 governs a party's request to amend or supplement its pleading before a scheduling order's deadline to amend passes. *See Sapp v. Mem'l Hermann*

*Healthcare Sys.*, 406 F. App'x. 866, 868 (5th Cir. 2010). Rule 16 governs a party's request to amend its pleading after the deadline to amend passes. *Tex. Indigenous Council*, 544 F. App'x. at 420 (citing *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008)).

"When the deadline for seeking leave to amend pleadings has expired, the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard." *Ecoquij-Tzep v. Hawaiian Grill*, No. 3:16-cv-625-BN, 2017 WL 2666154, at *2 (N.D. Tex. June 21, 2017). Rule 16(b)(4) provides that a scheduling order issued by the Court "may be modified only for good cause and with the judge's consent." *See Agredano v. State Farm Lloyds*, No. 5:15-CV-1067-DAE, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*; *see also, Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Only after the movant demonstrates good cause under Rule 16(b)(4) does "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend. *Agredano*, 2017 WL 5203046, at *1.

Rule 15(a) instructs the court to "freely give leave when justice so requires." FED. R. CIV. P. 15(a). The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46

(5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Under Rule 15(d), a more exacting standard is imposed requiring Plaintiff to show transactions, occurrences, or events have transpired since the date of the pleading to be supplemented that must be incorporated into the pleading. *See* FED. R. CIV. P. 15(d). While Rule 15(a) states that leave should be freely given, Rule 15(d) grants courts the discretion to "permit a supplemental pleading setting forth changed circumstances." *Burns v. Exxon Corp.*, 158 F.3d 336, 343 (5th Cir. 1998).

### III.   ANALYSIS

Under Rule 16(b), a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." *Id.* (citing FED. R. CIV. P. 16(b)). In determining whether good cause exists, courts consider the four-part test set forth above. Plaintiff contends that the Motion provides the Court with the facts and analysis necessary for a finding of good cause. Specifically, Plaintiff argues that Pittman was diligent, and that this issue was "caused by Defendants' delay." *See* Dkt. 53 at 2.

Plaintiff has failed to show that, "despite its diligence, it could not have reasonably met the scheduling deadline." *Maiden Biosciences, Inc. v. MPM Medical, Inc.*, No. 3:18-cv-1354-D, 2019 WL 935478, at *3 (N.D. Tex. Feb. 26, 2019); *see also Barnes*, 2010 WL 5027040, at *2 (lack of diligence "is paramount" in evaluating good cause). Plaintiff seeks to supplement her Amended Complaint to add: (1) allegations related to acceleration notices dated October 4, 2010, and

September 17, 2012, and a notice of sale dated October 11, 2010; and (2) arguments related to a monthly mortgage statement from November 15, 2018. *See* Dkt. 40 at 2. Each of the dates associated with the notices, sale, and mortgage statements pertain to events within Plaintiff's knowledge that predate Plaintiff's deadline to file amended pleadings. Moreover, Plaintiff has not demonstrated that circumstances have changed such that a supplement is appropriate pursuant to Rule 15(d).

The importance of at least some of the supplemental material is limited, as Plaintiff's First Amended Complaint noted that the listed notices were "including *but not limited to*" the notices identified in the pleading. *See* Dkt. 23 at 5–6 (emphasis added).[2] Thus, the explicit addition of the October 4, 2010, October 11, 2010, and September 17, 2012, notice dates have little practical effect on the substance of the Amended Complaint.

Regarding the substantive "additional facts and argument" (*see* Dkt. 40 at 2–3), Plaintiff presents new arguments and allegations. It is understandable that Plaintiff may wish to expand her pleading now that the deadline for dispositive motions has passed, Defendants have filed a Motion for Summary Judgment, and Plaintiff has had time to review the Motion for Summary Judgment. However, this is not a changed circumstance, nor does this interest constitute "good cause." Adding allegations at this late date is unquestionably prejudicial to Defendants who prepared a dispositive motion based on the Amended Complaint. The appropriate answer to an assertion in a Motion for Summary Judgment is a responsive brief, and Plaintiff had an opportunity to file, and in fact did file, such a response. *See* Dkt. 37.

---

[2] "Over the years following February 2006, Pittman was sent multiple notices of acceleration, including but not limited to a notice dated January 30, 2013, and November 2, 2018. Additionally, over the years following February 2006, Pittman was sent multiple notices of foreclosure sale, including, but not limited to, notices on January 30, 2013, March 4, 2016, and November 2, 2018." Dkt. 23 at 5–6.

Finally, Plaintiff alleges that it was not until December 19, 2019, upon receiving Defendants' amended responses to interrogatories, that Plaintiff learned of Defendants' argument that the November 13, 2014, mortgage statement was an abandonment of an acceleration of the note at issue. *See* Dkt. 39 at 3–4. Defendants' argument regarding the November 13, 2014, mortgage statement, however, is not a changed circumstance. Plaintiff does not deny Defendants' contention that the statement was discussed during Plaintiff's deposition on November 25, 2019, and that it was included in Defendants' document production over a month prior to the filing of the present Motion. *See* Dkt. 49 at 6. Plaintiff merely appears to object to Defendants' argumentative characterization of the mortgage statement as an abandonment in their Motion for Summary Judgment. But Defendants' summary judgment argument itself is not a 'transaction, occurrence, or event [that] happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). Additionally, though Plaintiff filed the Motion after receiving an amended response to interrogatories, Plaintiff did not contest that she did not act after having notice of the relevant November 13, 2014, mortgage statement. Therefore, Plaintiff has not shown "good cause" to amend and has not shown a change of circumstance to warrant a supplement.[3]

## IV.    CONCLUSION

Upon consideration, therefore, the Motion for Leave to File Supplement to First Amended Complaint (Dkt. 39) is **DENIED**.

**So ORDERED and SIGNED this 7th day of May, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff states that if the Court rules that an abandonment occurred on November 13, 2014, then the supplementation "simply asks that the same ruling apply" to a form issued to Plaintiff on November 15, 2018. *See* Dkt. 53 at 2. The Court is not making a ruling regarding either form or a finding as to whether abandonment occurred. Therefore, Plaintiff's argument does not present a reason to permit the supplement.