**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **CHERYL PITTMAN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No.: 4:19-cv-397-RWS-KPJ |
| | § | |
| **U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, ON BEHALF OF THE REGISTERED HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2006-HE5, ASSET BACKED CERTIFICATES, SERIES 2006-HE5; ANDREW CECERE; SELECT PORTFOLIO SERVICING, INC.; TIMOTHY O'BRIEN; and JACK O'BOYLE AND ASSOCIATES;** | § § § § § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is U.S. Bank NA, Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank NA, on Behalf of the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2006-HE5, Asset-Backed Certificates, Series 2006-HE5 ("Trustee Bank" or "Defendant") Motion For Leave to File Original Counterclaim (the "Motion") (Dkt. 29). Plaintiff filed a response (Dkt. 31) and Defendant filed a reply (Dkt. 35). As set forth below, the Court finds the Motion for Leave to File Original Counterclaim (Dkt. 29) is granted.

**I.     BACKGROUND**

This action arises out of the foreclosure of the property located at 321 Hawks Wood Drive, Fairview, Texas 75069 (the "Property"). *See* Dkt. 33 at 2. On December 4, 2018, Trustee Bank completed a foreclosure sale of the Property as evidenced by the Substitute Trustee's Deed (the

"Trustee's Deed") recorded in the real property records of Collin County, Texas, on December 17, 2018. Dkt. 30 at 4. On September 23, 2019, after the completion of the foreclosure sale and the recording of the Trustee's Deed, Pittman recorded a Quit Claim Deed (the "Quit Claim Deed") dated September 21, 2019, in the real property records of Collin County, Texas, wherein she purports to convey the Property from herself to herself, "Cheryl Pittman, At Law Status." Dkt. 30 at 4. In addition to the Quit Claim Deed, Pittman attempted to record additional documents in the real property records of Collin County, Texas, including an Affidavit of Ruthie Grey and a document titled "Declaration of Land Patent Assignment." *See id.* at 5.

Plaintiff filed suit against Defendant, as *a pro se* Plaintiff, on May 21, 2019, asserting non-judicial wrongful foreclosure. *See* Dkt. 3. On July 30, 2019, Attorney Sandberg appeared on behalf of Plaintiff. *See* Dkt. 16). The Court, after reviewing the case management report required by Federal Rule of Civil Procedure 26(f) (Dkt. 18) and conferring with the parties at the scheduling conference on August 28, 2019, entered a case-specific scheduling order (the "Scheduling Order"). *See* Dkt. 22. The Scheduling Order established a deadline of September 13, 2019, for Plaintiff to file initial amended pleadings without prejudice to further amendment. *See id.* at 2. The deadline for Plaintiff to file subsequent amended pleadings was set as November 15, 2019. *See id*. The deadline for Defendant to file final amended pleadings was set as December 4, 2019. *See id*.

In accordance with the Scheduling Order, Plaintiff filed the First Amended Petition on September 13, 2019. *See* Dkt. 23. Defendant filed the Answer to Plaintiff's First Amended Complaint on September 27, 2019. *See* Dkt. 26. Trustee Bank filed the Motion (Dkt. 29) and the accompanying Original Counterclaim (Dkt. 30) on December 4, 2019, in accordance with Defendant's deadline to file amended pleadings as set by the Scheduling Order.

## II.     LEGAL STANDARD

Rule 15(a) instructs the court to "freely give leave when justice so requires." FED. R. CIV. P. 15(a). The rule "evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp.*, L.P., 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to allow amendment "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

## III.    ANALYSIS

In a Rule 15(a) analysis, district courts review the five factors identified in *Forman. See Forman,* 371 U.S. at 182. Unless these factors weigh against granting leave to amend, the request for leave should be freely granted. *See id*. Three factors clearly weigh in Defendant's favor, as the counterclaim was timely filed without delay and does not cause undue prejudice to Plaintiff. Moreover, the Motion requests leave to file an original counterclaim; hence, the repeated failure to cure deficiencies by previous amendment factor does not apply. In opposition, Plaintiff asserts that the Motion is, on its face, made in bad faith and futile. *See* Dkt. 31 at 2. Plaintiff, however, fails to offer any evidence of bad faith. Thus, the Court considers whether the counterclaim is futile.

"Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 628 (5th Cir. 2017). Ultimately, if the underlying facts or circumstances relied upon may be a proper subject of relief, [Defendant] ought to be afforded an opportunity to test his claim on the merits. *See Forman*, 371 U.S. at 178. Under a 12(b)(6) standard, the court must accept as true all well-pleaded facts contained in the plaintiff's complaint—or here, Defendant's Counterclaim—and view them in the light most favorable to Defendant. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n. 8. Although detailed factual allegations are not required, a plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Id*. at 555, 557 n. 5.

The Court finds that Defendant has pled factual allegations sufficient to state a claim under Section 12.002 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE § 12.003(a)(8). Based on the specificity of Trustee Bank's Counterclaim, the Court cannot conclude that it is futile. Therefore, the five factors set forth in *Forman* weigh in favor of Defendant, and thus, granting Defendant leave to file Defendant's counterclaim. *See Forman*, 371 U.S. at 178.

## IV.     CONCLUSION

Upon consideration, therefore, the Motion for Leave to File Original Counterclaim (Dkt. 29) is **GRANTED**.

**So ORDERED and SIGNED this 7th day of May, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE