**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| CHERYL PITTMAN, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:19-CV-00397-RWS |
| v. | § § § | |
| U.S.BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NA, ON BEHALF OF THE REGISTERED HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2006-HE5, ASSET-BACKED CERTIFICATES, SERIES 2006-HE5; AND SELECT PORTFOLIO SERVICING, INC., | § § § § § § § § § § § § | |
| Defendants. | § | |

## ORDER

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On June 29, 2020, the Magistrate Judge entered proposed findings of fact and recommendations (the "Report") (Docket No. 79) that Defendants' Motion for Summary Judgment and Brief in Support ("Defendants' Motion") (Docket No. 37) be granted and Plaintiff's Motion for Partial Summary Judgment and Supporting Brief ("Plaintiff's Motion") (Docket No. 38) be denied.

On July 21, 2020, Plaintiff filed objections (the "Objections") (Docket No. 81), to which Defendants filed a response (the "Response") (Docket No. 82) on July 23, 2020.

## BACKGROUND

On February 28, 2006, Plaintiff obtained a $477,600.00 loan (the "Note"), secured by conveying a security interest in the property located at 321 Hawks Wood Drive, Fairview, Texas

75069 (the "Property"). *See* Docket No. 37-1 at 9–41. Plaintiff conveyed the security interest by executing a "Deed of Trust" (with the Note, the "Loan"). Defendant U.S. Bank NA, Successor Trustee to Bank of America, NA, Successor in Interest to LaSalle Bank NA, on Behalf of the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2006-HE5, Asset-Backed Certificates, Series 2006-HE5 ("Trustee Bank") asserts that it is the owner and holder of the Note. *See* Docket No. 37-1 at 4. Trustee Bank is the beneficiary of the Deed of Trust by assignment and a Purchase Agreement. *See* Docket No. 37-1 at 43–64. Defendant Select Portfolio Servicing, Inc. ("SPS") serviced the Loan. *See* Docket No. 37-1 at 66–85.

Plaintiff defaulted under the terms of the Loan. *See* Docket No. 37-3 at 7–8. Following communications between the parties, the sale of the Property proceeded on December 4, 2018, and the Trustee Bank purchased the Property. *See* Docket No. 37-1 at 115–17.

Plaintiff filed the present suit challenging a number of aspects of the foreclosure process and asserts the following claims: (1) fraudulent real estate filing; (2) violations of the Texas Debt Collection Practices Act ("TDCA") and the Deceptive Trade Practices Act ("DTPA"); (3) violations of the Federal Debt Collection Practices Act ("FDCPA"); (4) breach of contract; (5) suit to quiet title and remove cloud on title; and (6) trespass to try title. *See* Docket No. 23.

**DISCUSSION**

**I.     Plaintiff's Objections to Defendants' Summary Judgment Evidence**

Federal law affords a magistrate judge broad discretion in the resolution of nondispositive pretrial matters. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Under Rule 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." The Court may modify or set aside a Magistrate Judge's order only if it is clearly erroneous or contrary to law. *Castillo v. Frank*, 70

F.3d 382, 385 (5th Cir. 1995). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

Plaintiff objects to Defendants' proffered summary judgment evidence. But in their underlying briefing, Defendants responded to each of Plaintiff's evidentiary objections, elaborating on how the disputed statements are admissible pursuant to Rule 56(c)(4), as they were "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *See* Docket No. 60 at 2. Defendants also presented examples of how the disputed statements are admissible under Rule 56(c)(4), and Plaintiff provided no argument or illustration to the contrary. *See* Docket No. 60 at 2–3.

The Court finds Plaintiff's evidentiary objections lacking both in explanation and merit. Plaintiff fails to demonstrate that the Magistrate Judge's ruling is "clearly erroneous," and therefore, Plaintiff's evidentiary objections to the summary judgment evidence are **OVERRULED**.

## II.     Plaintiff's Objections to the Report

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2)-(3).

Plaintiff does not present any new argument in her Objections; rather, Plaintiff largely relitigates and reurges Plaintiff's original Summary Judgment Motion. Plaintiff does not meaningfully distinguish any of the analysis in the Report or present any case law countervailing the case law cited in the Report. Nonetheless, for the sake of thoroughness, the Court addresses each of Plaintiff's arguments in turn.

### A.     Abandonment of Acceleration

Plaintiff objects to the Report's conclusion that the November 13, 2014 mortgage statement is sufficient to constitute an abandonment. *See* Docket No. 81 at 3. As explained in the Report, Defendants demonstrated that the November 13, 2014 mortgage statement requested payment of less than the full amount of the Loan and did not express any intent contrary to abandonment.

Plaintiff contends the mortgage statement did not include "the required cure language." Docket No. 81 at 3. But Plaintiff has not identified any case law supporting a requirement of particular "cure language." Instead, the issue turns exclusively on whether Defendants notified Plaintiff they "no longer sought to collect the full balance of the loan and w[ould have] permit[ted] [Plaintiff] to cure [her] default by providing sufficient payment to bring the note current under its original terms." *Boren v. U.S. Nat'l Bank*, 807 F.3d 99, 105 (5th Cir. 2015). The November 13, 2014 mortgage statement thus constituted an abandonment, and Plaintiff presents no argument or case law demonstrating otherwise. Plaintiff's objection is, therefore, **OVERRULED**.

### B.     Authority to Enforce the Note and Deed of Trust

The vast majority of Plaintiff's remaining objections concern Plaintiff's argument that Defendants are not entitled to enforce the Note and Deed of Trust, either because Plaintiff objected to certain evidence or because Defendants cannot show they are in possession of the original Note or assignment document. *See* Docket No. 81 at 4. The Report addressed this precise issue, noting that Trustee Bank had authority to foreclose under the power of sale in the Deed of Trust because it was the mortgagee. *See* Docket No. 79 at 6 (citing *Martins v. BAC Home Loans Servicing, LP*, 722 F.3d 249, 253–56 (5th Cir. 2013)). Plaintiff makes no effort to distinguish *Martins* or explain how it does not apply in this case. The Court also finds there is sufficient, unrebutted evidence that Trustee Bank is a mortgagee entitled to enforce the Deed of Trust and to foreclose. The Court, therefore, finds Plaintiff's objection is **OVERRULED**.

### C. Conductor of the Foreclosure Sale

Plaintiff contends the foreclosure sale was invalid and void because a person conducted the foreclosure sale that was not a trustee or substitute trustee. *See* Docket No. 81 at 5. The Report noted this argument was raised for the first time in briefing on the present Motions. *See* Docket No. 79 at 11. Plaintiff argues that it pled this claim in the Amended Complaint (Docket No. 23); but the allegation in the Amended Complaint focuses on whether Trustee Bank and SPS had authority to enforce the Deed of Trust, not whether the substitute trustee was properly appointed. *See* Docket No. 23 at 7–8 ("[D]iscovery received from Defendants does not establish that the substitute trustee that performed the foreclosure sale was appointed by a party that may enforce the Deed of Trust."). The section of the allegations concerning this statement focuses on SPS's alleged lack of authority to enforce the Deed of Trust, not whether the individual who conducted the foreclosure sale, Francesca Ortolini, was a substitute trustee. *See id*. Thus, Plaintiff did not plead a claim that the person who conducted the foreclosure sale was not actually a trustee or substitute trustee and the objection is **OVERRULED**.

### D. Agreements Before the Court

Plaintiff argues Defendants lack authority to enforce the Deed of Trust because Defendants' assignment and agreements are not before the Court. *See* Docket No. 81 at 5–6. The Court finds there is sufficient evidence—the Declarations of Benight and Frazier, the Affidavit of Charles Pedersen, the Deed of Trust and Assignment of Deed of Trust, the Limited Power of Attorney, and the Note—from which to find that Defendants have authority to enforce the Deed of Trust. *See* Docket Nos. 37-1, 37-2, 37-3, 37-4, 37-5, 37-6, 56-1, 56-2, 56-3, 56-4. The Court further finds there is no requirement for the specific documents cited by Plaintiff to be before the Court and Plaintiff presents no case law holding as such. The relevant issue is whether there is

sufficient evidence to demonstrate whether Defendants have the authority to enforce the Deed of Trust. As discussed herein and in the Report (*see* Docket No. 79 at 6–8), Defendants have demonstrated such authority. The Court, therefore, finds this objection is **OVERRULED**.

### E. Interest in Real Property

Plaintiff contends the Report ignores whether there was an interest in real property supporting a claim for fraudulent real estate filing. *See* Docket No. 81 at 6. The Report, however, properly found that the Substitute Trustee's Deed is not subject to Chapter 12. *See* Docket No. 79 at 9 (citing *Perkins v. Bank of Am.*, No. 12–CV–3049, 2013 WL 1415159, at *4 (S.D. Tex. Apr. 8, 2013) (plaintiff did not state a claim on the basis of a substitute trustee's deed because the deed was not a lien or claim under Section 12.002); *Garcia v. Bank of New York Mellon*, No. 3:12–CV–0062–D, 2012 WL 692099, at *3 (N.D. Tex. Mar. 5, 2012) (finding the same)).

Plaintiff's argument appears to be based on an improper reading of Chapter 12. Plaintiff contends, without any case law in support, that Section 12.002(a) concerns three types of improper filings: fraudulent liens, fraudulent claims, and interest in real property. *See* Docket No. 81 at 6. Section 12.002 reads, "(a) A person may not make, present, or use a document or other record with: (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property." TEX. CIV. PRAC. & REM. CODE § 12.002. The word "fraudulent" modifies "court record," "lien," and "claim." Thus, Section 12.002 concerns fraudulent liens or claims against an interest in real property rather than fraudulent interests in real property. The Report cited two different cases in which a substitute trustee deed was not subject to Chapter 12, and Plaintiff did not present a single case or argument distinguishing the cases referenced in the Report or supporting Plaintiff's novel interpretation of Section 12.002. Plaintiff's objection is **OVERRULED**.

### F. Violations for Lack of Authority - TDCPA

Plaintiff argues Defendants lacked authority to take actions throughout the collection process and foreclosure sale, in violation of the TDCPA. *See* Docket No. 81 at 6. This argument relies upon Plaintiff's assertion that Defendants lack the authority to foreclose and the foreclosure sale was conducted by a person who was not a substitute trustee. As previously discussed, the Court finds Defendants have demonstrated the authority to foreclose, and Plaintiff did not plead a claim regarding the authority of the substitute trustee presiding over the foreclosure sale. The objection is, therefore, **OVERRULED**.

### G. Whether Plaintiff is a Consumer - DTPA

Plaintiff contests the Report's finding that Plaintiff failed to respond to Defendants' argument that Pittman was not a consumer under the DTPA. *See* Docket No. 81 at 6. Plaintiff cites a statement in the reply wherein Plaintiff states that a borrower is a consumer. *See* Docket No. 81 at 6–7. Thus, the reply mentions the word "consumer." But, as accurately stated in the Report, this statement does not respond to Defendants' <u>argument</u>, as it does not distinguish Defendants' assertion that Pittman is not a consumer under the prevailing law. "A mortgagor qualifies as a consumer under the DTPA if his or her primary objective in obtaining the loan was to acquire a good or service, and that good or service forms the basis of the complaint." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 725 (5th Cir. 2013). In *Miller*, the Fifth Circuit distinguished the only case cited by Plaintiff for the assertion that Plaintiff is a consumer. *See id.* (citing *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 706–08 (Tex. 1983) ("[T]he Flennikens make no complaint as to the Bank's lending activities. Unlike Lewis, the Flennikens did not seek to borrow money; they sought to acquire a house. The house thus forms the basis of their complaint.")).

Here, Plaintiff's claims relate to the servicing of her loan. Performance of any services incidental to the loan transaction, such as acceleration, abandonment, and foreclosure, does not

transform Plaintiff into a "consumer" under the DTPA. I n *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 746 (E.D. Tex. 2013), a mortgagor challenged assignment of the note and deed of trust to assignee and foreclosure sale, but the court found the mortgagor was not a consumer because, "it is undisputed that [the plaintiff]'s claims arise out of a loan and do not involve the purchase or lease of either goods or services." *Id*. Plaintiff here is similarly not a consumer under the DTPA and the objection is **OVERRULED**.

### H. FDCPA Violations

Plaintiff argues the Report falls short by not addressing acts by an unauthorized defendant. *See* Docket No. 81 at 7. Plaintiff's argument again presupposes that Defendants lacked authority to foreclose. Again, the Court finds that Defendants did not lack such authority. The objection is **OVERRULED**.

### I. Breach of Contract

Plaintiff contends the breaches of contract are adequately presented. *See* Docket No. 81 at 7. The paragraph cited by Plaintiff (Docket No. 38 at 23–24, ¶72) recites steps a lender must take to foreclose, but Plaintiff does not actually contend Defendants failed in this regard. Rather, Plaintiff's claim concerns Defendants' authority to take these steps. *See* Docket No. 38 at 23–24. The Court finds that Defendants did not lack authority to foreclose. The objection is, therefore, **OVERRULED**.

### J. Trespass to Try Title

Plaintiff argues the trespass to try title claim should survive because Defendants were not authorized to foreclose and the Report improperly resolved the substitute trustee issue. *See* Docket No. 81 at 7. Again, the Court finds that Defendants do not lack authority to foreclose and the substitute trustee issue is not improperly resolved. The objection is, therefore, **OVERRULED**.

### K.      Requested Relief

Plaintiff argues that if any of its claims survive, claims for damages and attorneys' fees should as well.  *See* Docket No. 81 at 8.  As the Court finds that all of Plaintiff's claims should be dismissed, Plaintiff has no entitlement to the requested relief of damages and/or attorneys' fees. The objection is, therefore, **OVERRULED**.

### CONCLUSION

For the foregoing reasons, the Court finds that Defendants' Motion for Summary Judgment and Brief in Support (Docket No. 37) is **GRANTED** and Plaintiff's Motion for Partial Summary Judgment and Supporting Brief (Docket No. 38) is **DENIED**.  It is

**ORDERED** that the above-titled action be **DISMISSED WITH PREJUDICE**. Each party shall bear its own costs. All relief not previously granted is hereby **DENIED-AS-MOOT**.

It is so **ORDERED**.

**SIGNED this 24th day of September, 2020.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE